2022 IL App (1st) 200061-U

FIFTH DIVISION
Order filed: May 6, 2022

No. 1-20-0061

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| KEYSHA S. COLLIER, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 19 L 050365 |
| | ) | |
| THE BOARD OF REVIEW OF THE DEPARTMENT | ) | |
| OF EMPLOYMENT SECURITY, THE DEPARTMENT | ) | |
| OF EMPLOYMENT SECURITY, DIRECTOR OF | ) | |
| EMPLOYMENT SECURITY, AND FEDEX KINKO'S | ) | |
| OFFICE & PRINT SVCS 1 C/O EQUIFAX (TALX UCM | ) | |
| SERVICES) | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| (The Board of Review of The Department of Employment | ) | |
| Security, The Department of Employment Security, and | ) | |
| Director of Employment Security. | ) | Honorable, |
| | ) | Daniel P. Duffy, |
| Defendants-Appellants.) | ) | Judge, presiding. |

JUSTICE HOFFMAN delivered the judgment of the court.
Justices Cunningham and Connors concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We reversed the judgment of the circuit and reinstated the decision of the Board of Review of the Department of Employment Security denying the plaintiff unemployment benefits where the Board's decision was not clearly erroneous in light of evidence that the plaintiff left work during her shift without clocking out or informing her manager.

¶ 2    The defendants, The Board of Review of The Department of Employment Security (the Board), The Department of Employment Security (the Department),  and Director of Employment Security (the Director) (collectively the State Defendants) appeal from the judgment of the circuit court of Cook County reversing the decision of the Board denying the plaintiff unemployment benefits on the basis of misconduct under section 602(A) of the Unemployment Insurance Act (the Act) (820 ILCS 405/602(A) (West 2018)). For the reasons that follow, we reverse the judgment of the circuit court and reinstate the decision of the Board.

¶ 3    The following statement of facts is taken from the common law record which contains the records of the Department.

¶ 4    The plaintiff, Keysha S. Collier, was employed by the defendant, FedEx Kinko's Office & Print Svcs 1 (FedEx) from May 2017 until February 27, 2019. A "Termination Statement" prepared by FedEx and signed by the plaintiff's supervisor on February 27, 2019, stated that the plaintiff violated the "Standards of Conduct Policy" with regards to time and attendance when on February 12, 2019, she left store 1870 without clocking out during a scheduled shift, returned to store 1870 with her minor son whom she placed in the back office, left the store before the end of her scheduled shift, and failed to notify her manager of these actions. According to the termination statement, these actions violated two "Standards of Conduct": (1) failure to call to report or give

adequate notice directly to a supervisor of absence from work; and (2) dishonesty or falsification of time records. The plaintiff applied for unemployment benefits.

¶ 5      On February 28, 2019, the Department mailed the plaintiff a notice of interview, indicating a question had been raised regarding her eligibility for benefits. On March 14, 2019, an adjudicator denied the plaintiff's claim for unemployment benefits finding that she committed misconduct when she left work early without clocking out and failed to notify a supervisor. On March 25, 2019, the plaintiff appealed the decision of the adjudicator.

¶ 6      On April 18, 2019, an administrative law judge[1] (ALJ) conducted a telephone hearing. Ernastine Williams, testified that she was the plaintiff's manager. Williams testified that the plaintiff was a full-time employee and scheduled to work from 10:45 a.m. to 6:45 p.m. Williams stated that on February 13, 2019, the plaintiff "casually mentioned" that she had to leave the store to pick up her son the day before. According to Williams, there was a written policy against leaving the store before the end of a shift without clocking out. Williams testified that the plaintiff told her that she did not clock out when she left to pick up her son because when she attempted to do so the "system" did not load in a timely manner. According to Williams, FedEx decided to terminate the plaintiff rather than give her a warning because she was already on "final warning" for showing up late and failing to open the store on time.

¶ 7      The plaintiff testified that FedEx had a policy that, if an employee is going to leave before the end of her shift, she has to seek authorization from her manager. The plaintiff further testified that on February 12, 2019, she received a phone call from her son's school at approximately 3 p.m. The plaintiff stated that the school told her that "the driver" forgot that afterschool activities were

_____

[1] The administrative law judge is also referred to as the referee.

canceled and did not pick up her son. The plaintiff explained that she did not clock out before going to pick up her son because the computer was loading slowly. The plaintiff further explained that she did not call her manager while she was waiting because:

"In all honesty, and I stated this before with another manager, I hate making phone calls to her when it has something to do with my child; because instead of her wanting to resolve the issue, it's always like a negative vibe and if I'm already in kind of an emergency situation, I don't really want to hear like negativity when it is something that I have to do for my child, something that I really don't have a choice over."

According to the plaintiff, she knew it was wrong to leave without clocking out because it was considered "stealing time" but that was not her intention. She stated that her intention was just to "hurry up" and get her son. She added that she came back because it was the busiest time of the day and her coworker does not "really know her job like all the way."

¶ 8    On cross-examination by FedEx's representative, the plaintiff denied knowing that her manager needed to know that she had her child at work. However, the plaintiff admitted understanding that her manager needed to know that she left work without clocking out. The plaintiff testified that she did not call her manager because "I didn't want to hear negativity about my child."

¶ 9    On April 19, 2019, the ALJ issued a decision. The ALJ found that FedEx had a written policy which requires employees to receive authorization if they leave the store before the end of their shifts. The ALJ further found that the plaintiff left the store in the middle of her shift after receiving a phone call from her son's school. The ALJ found that she did not seek and did not receive authorization to leave her shift. The ALJ concluded that Williams was credible, that the

plaintiff's conduct amounted to misconduct, and that the plaintiff was disqualified from receiving unemployment benefits under section 602(A) of the Act (820 ILCS 405/602(A) (West 2018). The plaintiff appealed to the Board.

¶ 10    On June 14, 2019, the Board affirmed the decision of the ALJ. The Board concluded:

> "In this case, the evidence has shown that [the plaintiff] willfully and deliberately violated the employer's policies when she left the work location without punching out and without telling her manager at the time. Though understandable that [the plaintiff] was concerned for her son, he was not in danger as the school had custody of him, until she arrived. The employer was harmed as claimant was on the clock though not working, and the employer  was unaware that the work location was short staffed. We conclude that misconduct, as defined by section 602A was proven by a preponderance of the evidence."

¶ 11    On June 25, 2019, the plaintiff filed a *pro se* complaint for administrative review in the circuit court of Cook County. Following arguments from the parties, the circuit court held that there was no evidence the plaintiff was "actually *paid*" (emphasis in original.) for the time she was absent while on the clock and the fact that FedEx was unaware the store was short staffed did not constitute "harm" for purposes of Section 602(A). The circuit court reversed the decision of the Board and remanded the matter for calculation of the benefits due to the plaintiff. The State Defendants moved to reconsider the circuit court's judgment. The circuit court denied the motion with regard to the portion of the order finding the Board's decision clearly erroneous and granted the motion with regard to the remand, vacating that portion of the order. This appeal followed.

¶ 12    Initially we note that the plaintiff has not filed a brief in this appeal, and we have ordered the appeal taken on the appellant's brief alone. Accordingly, we will consider this appeal pursuant

to the standards set forth by the supreme court in *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128 (1976).

¶ 13    The State Defendants contend that the Board's decision that the plaintiff was discharged for misconduct under section 602(A) of the Act was not clearly erroneous. We agree.

¶ 14    On administrative review of an unemployment eligibility decision by the Department, we review the decision of the Board—not the decision of the circuit court, the ALJ, or the claims adjudicator. *Cannici v. Department of Employment Security Board of Review*, 2021 IL App (1st) 181562, ¶ 27.

¶ 15    When an employee is discharged for misconduct connected with his or her work, the employee is not eligible for unemployment benefits under the act. 820 ILCS 405/602(A) (West 2018); see also *Cannici*, 2021 IL App (1st) 181562, ¶ 41. As defined in the Act, an employee is discharged for misconduct if (1) the employer had a reasonable work rule, (2) the employee deliberately and willfully violated the rule, and (3) the violation was either repeated by the employee despite a prior warning or harmed the employer. *Id.* The harm to an employer need not be actual; it can be merely potential. *Cannici*, 2021 IL App (1st) 181562, ¶ 54 (citing *Hurst v. Department of Employment Security*, 393 Ill. App. 3d 323, 329 (2009)).

¶ 16    Review of a Board's decision to deny unemployment insurance benefits based on an employee's discharge for misconduct involves a mixed question of law and fact. *Petrovich v. Department of Employment Security*, 2016 IL 118562, ¶ 21. Mixed questions of law and fact require courts to determine the legal effect of a given set of facts. *Id*. Mixed questions of law and fact are reviewed under the clearly erroneous standard, and court's will overturn the Board's denial of unemployment benefits only if left with the " 'definite and firm conviction that a mistake has

been committed.' " *AFM Messenger Service, Inc. v. Department of Employment Security*, 198 Ill. 2d 380, 393 (2001) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

¶ 17    Here, the Board found that FedEx had a policy against employees leaving work before the end of their shift without punching out and without informing their manager. The Board implicitly found that the policy was reasonable and specifically found that the plaintiff knew of the rule but willfully and intentionally violated it. The plaintiff's own testimony supports the Board's factual finding. She testified that she was aware of the policy. And although the claimant stated that at the time that she left work before the end of her shift the time clock system was loading slowly, she ultimately admitted that she did not punch out. Moreover, the plaintiff testified that she made no effort to call her manager and inform her that she was leaving early because she did not want to hear "negativity." Based upon the evidence in the record before us, we cannot conclude that the Board made a mistake when it determined that the plaintiff deliberately and willfully violated FedEx's policy against an employee leaving work before the end of their shift without punching out and without informing their manager.  See *AFM Messenger Service, Inc.*, 198 Ill. 2d at 393. Further, we find nothing unreasonable about FedEx's policy.

¶ 18    The Board also found that the plaintiff's actions caused harm to FedEx because she "was on the clock" though not working, and the FedEx was unaware that the work location was short staffed. The circuit court held that the plaintiff's actions did not harm FedEx because there was no evidence that the plaintiff was actually paid for the time she was away from work and because the fact that the store was short staffed did not constitute harm and reversed the Board. We agree with the Board on this issue.

¶ 19    This court has held that " '[a]bsences and tardiness always cause harm to the employer' " because absences disrupt business operations. *Woods v. Illinois Department of Employment Security¸* 2012 IL App (1st) 101639, ¶ 21(quoting 56 Ill. Adm. Code 2840.25(b) (2012)). Here, the plaintiff admitted that she left her shift without punching out and without notifying her manager and that she did so during the busiest time of the day.  We find that the plaintiff's actions fall squarely within the definition of harm because they potentially disrupted FedEx's business operations. Therefore, we cannot conclude that the findings of the Board were clearly erroneous.

¶ 20    For the foregoing reasons, we reverse the judgment of the circuit court, and reinstate the decision of the Board denying the plaintiff unemployment benefits.

¶ 21    Reversed; Board decision reinstated.